# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KLOTZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-3776** |
| **LA. CITIZENS PROP. INS. CORP., ET AL** | **SECTION: "G"(5)** |

## ORDER

Pending before the Court is Plaintiff John Klotz's ("Plaintiff") motion to remand.[1] Plaintiff filed an action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to recover damages from his insurer, Louisiana Citizens, after a fire damaged his property. After settling with Louisiana Citizens, Plaintiff filed what he entitled "Petition for Concursus" against Defendant Nationstar into the existing state court action for damages, to determine who is entitled to the settlement sum. Defendant Nationstar then filed a notice of removal regarding only the petition for concursus, and Plaintiff filed the instant motion to remand. Having considered the motion, the memoranda in support and in opposition, and the applicable law, the Court will grant the motion and remand this case to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

## I. Background

According to Plaintiff's petition, on or about January 9, 2011, a fire caused "massive damage" to Plaintiff's property, located at 6408 Glendale Street, Metairie, LA 70003.[2] Plaintiff allegedly had homeowners insurance with Louisiana Citizens Property Insurance ("Louisiana

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 1-1.

Citizens").[3] Plaintiff alleged that Louisiana Citizens "failed to pay for the property damage, loss of use, and lost contents" from the fire.[4] Plaintiff further alleged that there was subsequent vandalism and theft of various items on his property, and Louisiana Citizens failed to pay for the theft damage, as well.[5]

According to the "Memorandum in Support of Motion to Remand," Plaintiff John Klotz signed a contract of representation with W. Patrick Klotz of Klotz & Early, LLC, "to represent him in his claim and subsequent state court litigation against Louisiana Citizens Insurance," agreeing to pay forty percent (40%) of any monies received, plus costs incurred.[6] The state court litigation was filed in the 24th Judicial District Court, Parish of Jefferson, State of Louisiana.[7] Moreover, Plaintiff states that Louisiana Citizens "began tendering certain amounts periodically for the damage to the property." Plaintiff asserts that "[s]aid sums were made payable to Plaintiff and his mortgage companies, Bank of America and Hibernia Bank."[8] Plaintiff states that Hibernia Bank was then purchased by Capital One Home Loans, LLC, ("Capital One") and Bank of America held the amounts in trust.[9] Plaintiff avers that "Bank of America allegedly then sold its mortgage to Nationstar Mortgage, LLC, who confirmed that it is currently holding plaintiff's insurance funds in the amount of $132,036.43 in trust."[10]

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Rec. Doc. 7-1 at 1.

[7] *See* Rec. Doc. 1-1.

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.*

Additionally, Plaintiff claims that he "recently settled his claims with Citizens for an additional $65,000.00."[11] Moreover, Plaintiff asserts that he "has recovered a total of $195,500.92 from his insurer, Citizens."[12] Plaintiff argues that due to the contingency fee agreement with his attorney, Plaintiff's counsel is entitled to a fee of $78,600.37 and costs of $2,700.00, and Plaintiff is entitled to the remainder.[13] Plaintiff "filed a Petition for Concursus into the underlying state court lawsuit" with Nationstar and Capital One as party defendants, and he claims that "defendants have refused to deposit the funds from Louisiana Citizens into attorney W. Patrick Klotz'[s] trust account for distribution."[14]

On March 9, 2017, the state court signed an order granting Plaintiff leave to deposit the full sum of $64,464.49 into the court registry, directing Nationstar to deposit the full sum of $132,036.43 into the court registry, and ordering a hearing on May 4, 2017, for Nationstar and Capital One to show cause as to why Plaintiff's counsel was not entitled to attorney's fees with Plaintiff entitled to the remainder.[15] Plaintiff asserts that he followed the order to deposit the $64,464.49 into the court registry; but, Plaintiff avers, Nationstar did not place the $132,036.43 into the registry and instead filed a Notice of Removal on April 21, 2017.[16] In response, the Plaintiff filed the instant "Plaintiff's Motion to Remand" on May 11, 2017.[17]

---

[11] Id.

[12] Id.

[13] Id.

[14] Rec. Doc. 1 at 2–3.

[15] Rec. Doc. 1-1 at 378.

[16] Rec. Doc. 7-1 at 3.

[17] Rec. Doc. 7.

## II. Parties' Arguments

### A. *Plaintiff's Motion to Remand*

In the motion to remand, Plaintiff provides that the removing party bears the burden of proving that removal was proper, and that "statutes conferring removal jurisdiction are to be strictly construed in favor of remand."[18]

#### 1. *Plaintiff Argues that Louisiana Citizens Remains a Party in the Suit*

Plaintiff first argues that the Court lacks jurisdiction pursuant to 28 U.S.C. § 1332 because there is not complete diversity among the parties.[19] Plaintiff argues that Louisiana Citizens remains a party to the litigation, and both Louisiana Citizens and Plaintiff are citizens of Louisiana.[20] Moreover, Plaintiff argues that Defendant Nationstar "failed to obtain the consent of Citizens, who remains a party to the state court action" before removing this matter to federal court.[21] Plaintiff further contends that Nationstar, in the alternative, was required to "affirmatively explain" why consent of Louisiana Citizens was unnecessary.[22] Instead, Plaintiff avers that Nationstar has completed neither of the two options.[23]

---

[18] Rec. Doc. 7-1 at 3 (citing *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

[19] *Id.* at 4.

[20] *Id.*

[21] *Id.*

[22] *Id.* at 5.

[23] *Id.* (citing *Alford v. Chevron U.S.A., Inc.*, No. 13-5457, 2014 WL 37600, at *2 (E.D. La. 2014)).

## 2. *Plaintiff Argues that Removal of the Petition for Concursus Constitutes Partial Removal*

Additionally, Plaintiff argues that partial removal should not be permitted.[24] Plaintiff asserts that "Nationstar is seeking removal of the concursus action only, as opposed to the entire underlying lawsuit."[25] Plaintiff avers that the Fifth Circuit has held that "because the phrase 'civil action' in § 1441 'denotes the entirety of the proceedings in question,' the **removability of such civil action is determined as to its entirety**, not as to particular claims or parties."[26] Moreover, Plaintiff asserts that another division of the Eastern District of Louisiana determined in *Grefer v. Travelers Insurance Co.* that the severance of claims does not necessarily mean that one set of claims is removable without the other.[27] Instead, Plaintiff states, the severance of claims must clearly result in two separate lawsuits in order for one to be removable without the other.[28] Plaintiff argues that "there has not even been any such severance of Plaintiff's Petition for Concursus," so the Court should "decline to exercise jurisdiction over just part of the underlying state court action."[29]

Plaintiff then notes "one limited exception to the prohibition on partial removal related to third-party demands."[30] Plaintiff states that the Fifth Circuit has allowed "removal by a third-party

---

[24] *Id.*

[25] *Id.*

[26] *Id.* (citing *Grefer v. Travelers Ins. Co.*, No. 03-0253, 2003 WL 22717716 at *2 (E.D. La. 2003) (quoting *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980)).

[27] *Id.* at 6 (citing *Grefer*, 2003 WL 22717716 at *4).

[28] *Id.* at 7.

[29] *Id.*

[30] *Id.*

defendant after the third-party demand was severed from the main demand."[31] However, Plaintiff argues that the claim Nationstar is attempting to remove is not a third-party demand, so the narrow exception does not apply to the present matter.[32]

### 3. *Plaintiff Argues that Nationstar Filed Its Notice of Removal More Than One Year After the Suit Commenced*

Finally, Plaintiff argues that Nationstar is not entitled to an equitable exception to the one-year time limit on removal set forth in 28 U.S.C. § 1446(c)(1).[33] Plaintiff states that Nationstar cites to *Tedford v. Warner-Lambert Co.* in its argument that such an exception applies.[34] Plaintiff avers that § 1446 has been updated since *Tedford*, to explicitly include a "bad faith" exception to the one-year time limit.[35] Plaintiff further argues that, although it had not yet been codified, *Tedford* acknowledges a similar exception "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights."[36] Plaintiff contends that there has been no bad faith on his part, and Nationstar has not alleged bad faith, and, therefore, the *Tedford* exception does not apply.[37]

---

[31] *Id.* (citing *Sun Industries, LLC v. Phoenix Ins. Co.*, No. 17-172-BAJ-EWD, 2016 WL 6275188 at *10 (M.D. La. 2016)).

[32] *Id.* at 8.

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *Id.* (quoting *Tedford*, 327 F.3d at 428–29).

[37] *Id.* at 8-9.

### B. *Memorandum In Opposition to Motion to Remand*

#### 1. *Nationstar Argues that Louisiana Citizens Is Not a Party to the Action*

After stating the standard of review on a motion to remand, Nationstar argues that Louisiana Citizens is no longer a party to the lawsuit.[38] Nationstar states that Plaintiff did not name Louisiana Citizens in the Petition for Concursus, and Louisiana Citizens does not have an interest in the suit since it has settled the claims against it.[39]

Nationstar asserts that "the filing of an amended petition completely supercedes any prior petitions."[40] Nationstar first cites a case from the Eastern District of Virginia, *Sanford v. The Commonwealth of Virginia*, where the court granted a defendant's 12(b)(6) motion to dismiss after the plaintiff's amended complaint did not name that defendant.[41] Nationstar notes that the court stated that "it was questionable as to whether the motion was even necessary as the original complaint ceased to exist."[42] Nationstar, citing *Westbrook v. Pike Electric, L.L.C.*, then states that another division of this Court found that a motion to dismiss was moot after the amended complaint did not incorporate the original complaint and did not name the previous defendant.[43] Nationstar then asserts that "the Petition for Concursus does not name Louisiana Citizens as a defendant, does not contain any allegations against Louisiana Citizens, nor does it seek to incorporate any of the

---

[38] Rec. Doc. 10 at 4.

[39] *Id.*

[40] *Id.* at 5.

[41] *Id.* at 6–7 (citing *Sanford v. The Commonwealth of Virginia*, No. A122874, 2009 WL 2707437 at *1 (E.D. Va. Aug. 26, 2009)).

[42] *Id.*

[43] *Id.* at 7 (citing *Westbrook v. Pike Electric, L.L.C., et. al.*, 799 F. Supp. 2d 665 (E.D. La. 2011)).

previous petitions."[44] Thus, Nationstar avers, Louisiana Citizens is no longer a party, and its citizenship is irrelevant to complete diversity.[45]

Moreover, Nationstar states that Plaintiff has acknowledged that its claims against Louisiana Citizens have been resolved.[46] Nationstar further asserts that Louisiana Citizens has also "issued payment under the settlement."[47] Therefore, Nationstar argues, "complete diversity exists, the case is removable, and Louisiana Citizens' consent is not required."[48]

### 2. *Nationstar Alleges that the Notice of Removal Was Timely Pursuant to Louisiana State Laws*

Furthermore, Nationstar contends that its notice of removal was timely.[49] Because "[a] state's own procedural rules govern when an action is 'commenced,'"[50] Nationstar states that "[t]he Louisiana Supreme Court has distinguished between an 'action' or a 'demand' and a 'cause of action.'"[51] Nationstar asserts that "a 'cause of action' is alleged in pleadings by stating 'the facts upon which the plaintiff's right to sue is based, and upon which the defendant's duty has arisen, coupled with the [f]acts which constitute the latter's wrong."[52] It then states that a demand "is

---

[44] *Id.* at 8.

[45] *Id.*

[46] *Id.* at 9.

[47] *Id.*

[48] *Id.* at 10.

[49] *Id.* at 11.

[50] *Id.* (citing *Braud v. Transport Serv. Co. of Ill.*, 45 F.3d 801, 801 (5th Cir. 2006)).

[51] *Id.* (citing *Hope v. Madison*, 188 So. 711, 715 (La. 1939)).

[52] *Id.* (citing *Hope*, 188 So. at 715).

better defined as 'the object of the suit.'"[53] Finally, it states that "an action which states a cause may conclude with more than one demand."[54]

Moreover, Nationstar asserts that a district court in the Middle District of Louisiana, analyzing the above definitions, "concluded that a cause of action can lead to the presentation of two different demands in two different pleadings that can be construed has [sic] having two different commencement dates."[55] Nationstar states that, in that case, the plaintiff filed suit against an individual, his employer, and State Farm after a car accident.[56] The plaintiff then filed a supplemental and amending petition alleging violations of the Louisiana Products Liability Act against General Motors.[57] Following that, a second supplemental and amending petition was filed which added an additional insurer of the employer.[58] After receiving a payment from State Farm, the plaintiff provided State Farm an unlimited release from his claims and provided the individual and his employer a limited release.[59] Following a motion for summary judgment from the additional insurer, GM removed the action 16 months after the original petition, asserting that the additional insurer was improperly joined.[60] On a motion to remand, Nationstar asserts, the court in that case found removal timely, as "the cause of action led to the presentation of two different

---

[53] *Id.* (citing *Nat'l Sur. Corp. v. Standard Accident Ins. Co.*, 175 So.2d 263, 266 (La. 1965)).

[54] *Id.* (citing *Hayes v. Muller*, 243 So.2d 830, 834 (La. App. 3 Cir. 1971)).

[55] *Id.* at 12 (citing *Gore v. Robertson*, No. 14-00749, 2015 WL 5749459 (M.D. La. Sept. 30, 2015)).

[56] *Id.* (citing *Gore*, 2015 WL 5749459).

[57] *Gore*, 2015 WL 5749459, at *1.

[58] *Id.*

[59] *Id.* at *2.

[60] *Id.*

demands in two different pleadings that could be construed as having two different commencement dates."[61]

### 3. *Nationstar Argues, in the Alternative, the Equitable Tolling Exception Applies to the Filing of the Notice of Removal*

Moreover, in the alternative, Nationstar argues that the equitable tolling exception should be applied.[62] Nationstar asserts "when the plaintiff attempts to circumvent federal jurisdiction," equitable tolling of the removal period is appropriate.[63]

Nationstar asserts that the one-year time limit is intended to prevent removal after substantial progress has been made.[64] Nationstar argues that such substantial progress concerns "are not at issue here."[65] Nationstar avers that, "for all intents and purposes," it was brought into the suit after the case was completed.[66] Nationstar avers, since the claim against Nationstar and Capital One are "only related to Plaintiff's damages action because it involves the funds that Louisiana Citizens paid to settle the damages action . . . , removal of this case does not impact the prior progress in state court because the state court matter has ended."[67] Nationstar further contends, "[B]y filing the Petition for Concursus into the damages action after the damages action settled, Plaintiff is attempting to improperly bootstrap the Petition for Concursus to the damages

---

[61] Rec. Doc. 10 at 12 (citing *Gore*, 2015 WL 5749459 at *3).

[62] *Id.*

[63] *Id.* at 13 (citing *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003)).

[64] *Id.* (citing *Tedford*, 327 F.3d at 426 n.8).

[65] *Id.*

[66] *Id.*

[67] *Id.*

action and deny Nationstar a federal forum."[68] Instead, Nationstar asserts, if Plaintiff had filed the Petition for Concursus as an independent action, Nationstar would be able to remove the suit.[69] Nationstar argues that removal has been allowed in similar situations where a plaintiff "similarly attempted to deny a defendant the federal forum to which it was entitled."[70]

Finally, Nationstar asserts that Plaintiff's request for fees and expenses should be denied.[71] Nationstar states that they have an objectively reasonable reason for removal, since the demand against Nationstar can be construed as having a different commencement date from the original damages action.[72]

### C. Reply to Nationstar's Memorandum in Opposition to Motion to Remand

#### 1. Plaintiff Argues that Louisiana Citizens Remains a Party

Plaintiff first argues that Nationstar cites inapplicable case law in support of its argument that Louisiana Citizens is no longer a party.[73] Plaintiff states that only one of the four primary cases that Nationstar cites was decided by a district court of the Eastern District of Louisiana.[74] Moreover, that case, *Westbrook*, concerned an application of Federal Rule of Civil Procedure 15(a)(1)(B), which, Plaintiff contends, is not applicable in this case because the Petition for Concursus was not an amended petition.[75] Plaintiff states that Louisiana Citizens remains a party

---

[68] *Id.*

[69] *Id.*

[70] *Id.*

[71] *Id.* at 14.

[72] *Id.*

[73] Rec. Doc. 14 at 1.

[74] *Id.*

[75] *Id.* at 1–2.

to the underlying state court action, and "Nationstar has offered no plausible reason why its Louisiana citizenship should be ignored and its consent to the removal was not required."[76]

### 2. *Plaintiff Argues that Separating the Petition for Concursus from the Underlying Action Constitutes Partial Removal*

Moreover, Plaintiff argues that Nationstar does not address the issue of partial removal.[77] Plaintiff states that "this Court has declined to extend jurisdiction unless it is clear that the claims constitute a separate "civil action."[78] Plaintiff argues that "Nationstar has offered no explanation as to why this Court should exercise jurisdiction over just part of the underlying state court action."[79]

Plaintiff further contends that *Tedford* is outdated, since it was decided prior to the codification of the bad faith exception.[80] Even so, Plaintiff states that Nationstar does not allege bad faith by Plaintiff, so "there is no basis for the Court to apply an exception."[81]

Additionally, Plaintiff states that Nationstar's argument regarding the existence of different commencement dates because of different demands should not be considered because "this argument was not presented by Nationstar in its Notice of Removal."[82] Still, if the Court considers

---

[76] *Id.* at 2.

[77] *Id.*

[78] *Id*. (citing *Grefer*, 2003 WL 22717716).

[79] *Id.*

[80] *Id.* at 2–3.

[81] *Id.* at 3.

[82] *Id.* (citing *Neal v. Kawasaki Motors Corp.*, No. 95-668, 1995 WL 419901 at *2 n.4 (E.D. La. July 13, 1995)).

this argument, Plaintiff avers, it should be rejected anyway because it is "tied to Nationstar's effort to effect a partial removal."[83]

Finally, Plaintiff argues that Nationstar should have to pay fees and costs pursuant to 28 U.S.C. § 1447(c).[84]

### III. Legal Standard

In a motion to remand, "the party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper."[85] "Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute, which is not to be expanded by judicial decree."[86] The removal statute must be strictly construed, and "any doubt about the propriety of removal must be resolved in favor of remand."[87]

Pursuant to the removal statute, a defendant may remove a state civil court action to federal district court if the federal court has original jurisdiction over the action.[88] A federal court has subject matter jurisdiction over an action under 28 U.S.C. § 1332 "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states."[89] "To determine whether federal jurisdiction exists, this Court must consider the claims in the state court

---

[83] *Id.*

[84] *Id.*

[85] *Mumfrey v. CVS Pharm., Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

[86] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).

[87] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (internal citation omitted). *See also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)

[88] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[89] 28 U.S.C. § 1332(a)(1).

petition as they existed at the time of removal."[90]

Moreover, pursuant to 28 U.S.C. § 1446(c)(1), "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."[91]

## IV. Analysis

### A. Whether Plaintiff's Settlement with Louisiana Citizens Eliminates Louisiana Citizens from the Case

Defendant argues that removal is proper because the parties are diverse, since, Defendant avers, Louisiana Citizens was not named in the petition for concursus, and Louisiana Citizens reached a settlement with Plaintiff.[92]

---

[90] *Grefer v. Travelers Ins. Co.*, No. 03-0253, 2003 WL 22717716, at *2 (E.D. La. Nov. 18, 2003) (citing *Cavellini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1994)).

[91] 28 U.S.C. § 1446(c)(1). Moreover, 1446(b) provides:

> **(1)** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> **(2)(A)** When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
> **(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
> **(C)** If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
> **(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

[92] *Id.* at 6.

Nationstar first asserts, "When an amended complaint fails to name defendants named in a prior complaint, the filing of the amended complaint acts as a dismissal of those defendants not named in the amended complaint."[93] Nationstar argues that the petition for concursus has superseded the petition for damages in a similar manner to an amended complaint, so Louisiana Citizens is no longer a party. Moreover, Nationstar argues that an action that is nonremovable when commenced may become removable by the voluntary act of the plaintiff.[94] Nationstar asserts that Plaintiff has admitted to settling its claims against Louisiana Citizens, so, Defendant avers, Plaintiff has voluntarily dismissed Louisiana Citizens.[95]

The Fifth Circuit has stated, "Federal courts must look to state law to determine whether removal is proper on the ground that the nondiverse defendant is no longer effectively a party to the case. A case may be removed based on any voluntary act of the plaintiff that eliminates that nondiverse defendant from the case."[96] The Fifth Circuit has further held that the "drafting, signing, and filing of letters regarding settlement [are] voluntary acts" by a plaintiff, and a settlement with a nondiverse defendant "effectively eliminate[s] the nondiverse defendant."[97]

Moreover, pursuant to Louisiana Civil Code Article 3072, a settlement agreement is enforceable if it is in writing and signed by the parties or their agents, or recited in open court and capable of being transcribed from the record of the proceeding.[98]

---

[93] *Id.* (citing *Sanford v. Virginia*, No. 3:08cv835, 2009 WL 2707434, (E.D. Va. Aug. 26, 2009)).

[94] *Id.* at 9 (citing *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545, 547 (5th Cir. 1967)).

[95] *Id.* at 10.

[96] *Estate of Martineau v. ARCO Chem. Co.*, 203 F.3d 904, 910 (5th Cir. 2000).

[97] *Id.* at 912.

[98] LA. CIV. CODE ANN. Art. 3072 (2007); *see also Sullivan v. Sullivan*, 95-2122 (La. 4/8/96); 671 So. 2d 315, 317–18. Although *Sullivan* points to Louisiana Civil Code Article 3071, the Civil Code has since been revised, and it is clear that the court was referring to the current Article 3072.

Finally, "[a]n exception to the general rule requiring all defendants to join a removal petition is the nominal party exception."[99] Furthermore, "Defendants who have settled are nominal parties who are 'no longer effectively a party to the case.'"[100] Thus, Defendants who have settled are not required to join a removal petition.

Here, Defendant presents Plaintiff's statements in the petition for concursus as evidence of an existing settlement.[101] Plaintiff acknowledges not only that Plaintiff settled with Louisiana Citizens, but also that Plaintiff "has recovered" the settlement amount.[102] Plaintiff also does not dispute that a settlement has been reached with Louisiana Citizens in either the motion to remand or in the reply to Defendant's opposition. Instead, Plaintiff argues that a petition for concursus is dissimilar to an amended pleading, but it is unnecessary for the Court to address that argument due to the settlement that preceded the petition for concursus. Consequently, Plaintiff has committed voluntary acts which have "effectively eliminated" Louisiana Citizens from the case, and the remaining parties are diverse. Moreover, since Louisiana Citizens has settled and is no longer a party to the case, its consent for removal is unnecessary pursuant to the nominal party exception.[103]

### B. Whether Defendant Seeks to Partially Remove the Action Improperly

Plaintiff argues that Defendant seeks to remove "the concursus action only, as opposed to the entire underlying lawsuit."[104]

---

[99] *Taco Tico of New Orleans*, 2009 WL 2160436, at *2 (citing *Robinson v. Nat'l Cash Register Co.*, 808 F.2d 1119, 1123 (5th Cir. 1987)).

[100] *Id.* (citing *Estate of Martineau*, 203 F.3d at *2).

[101] *See* Rec. Doc. 10 at 10; *see also* Rec. Doc. 1-1 at 372 ¶ 4.

[102] *See* Rec. Doc. 1-1 at 376 ¶ 8.

[103] *See Taco Tico of New Orleans*, 2009 WL 2160436, at *2 (citing *Robinson*, 808 F.2d at 1123).

[104] Rec. Doc. 7-1 at 5.

The Fifth Circuit has held that "the civil action's removability is determined as to its entirety, not as to particular claims or parties."[105]

Here, Defendant does request "that the aforementioned Petition for Concursus" be removed to this Court in the closing paragraph of its notice of removal.[106] However, in the opening of the notice of removal, Defendant states it is seeking to remove civil action "Suit No. 710-057."[107] Defendant has also properly attached the entire state court record, including the petition for damages, to its notice of removal.[108] As stated above, Defendant does argue that the petition for concursus should be viewed as a separate action from the petition for damages for the commencement of the suit, but Defendant seeks to remove the civil action as a whole. Accordingly, Plaintiff's argument that remand is proper because Defendant partially removed the action fails.

### C. The One-Year Time Limit for Removal Has Tolled

Plaintiff argues that the one-year time limit on removal has tolled in the present case, so removal is improper.

Defendant argues that the one-year time limit on removal has not tolled, since, it avers, the petition for concursus ought to be considered a separate action, and, or, Plaintiff acted in bad faith. Defendant's arguments that the petition for concursus ought to be considered a separate action can be grouped into three categories: the petition for concursus is similar to a third-party demand, the petition for concursus is similar to a garnishment action, and the petition for concursus is defined as a separate action by the Louisiana Civil Code. Moreover, Defendant argues that Plaintiff acted

---

[105] *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980).

[106] Rec. Doc. 1 at 7.

[107] *Id.* at 1.

[108] Rec. Doc. 1-1 at 1.

in bad faith in "attempting to improperly bootstrap the Petition for Concursus to the damages action and deny Nationstar a federal forum."[109] As the removing party, Defendant has the burden to prove either of these arguments.

28 U.S.C. § 1446(c)(1) provides, "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred more than 1 year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

In the notice of removal, Nationstar first argues that Plaintiff improperly filed his petition for concursus into the "underlying action" against Louisiana Citizens.[110] Citing *Davenport v. Hamilton, Brown & Babst, L.L.C.*,[111] Defendant argues that other courts have permitted actions to be removed under similar circumstances. Defendant asserts that one district court in the Middle District of Louisiana, "noting that the Fifth Circuit has recognized that garnishment actions against third-parties are generally construed as independent suits removable under § 1441, denied a motion to remand the attorneys' petition for intervention to state court."[112] As a result, Nationstar argues, the Court should apply an equitable exception to the 28 U.S.C. § 1446(b) one-year limit on removal.[113]

Here, Defendant presents no binding authority, and the Court finds none, where removal has been granted under similar circumstances. In *Davenport*, the court determined that removal

---

[109] Rec. Doc. 10 at 13.

[110] *See* Rec. Doc. 1 at 5.

[111] 624 F. Supp. 2d 542 (M.D. La. 2008).

[112] Rec. Doc. 1 at 6.

[113] *Id.*

was appropriate when the petition of intervention "was brought by non-parties, i.e., the plaintiffs-in-intervention, and seeks relief from non-parties, i.e., the defendants-in-intervention."[114] Consequently, the present matter is distinguishable from *Davenport*, since Nationstar is not attempting to remove a third-party demand.

Moreover, although Nationstar notes that "the Fifth Circuit has recognized that garnishment actions against third-parties are generally construed as independent suits removable under § 1441,"[115] a concursus action is distinguishable from a garnishment action. A concursus action apportions money already recovered, whereas a garnishment action prospectively recovers money not yet acquired.

Furthermore, in its memorandum in opposition to the motion to remand, Nationstar argues that a state's own procedural rules govern when an action is commenced.[116] Nationstar then avers that the petition for concursus has created a new civil action per the Louisiana Code of Civil Procedure Article 421. Article 421 provides, "A civil action is a demand for the enforcement of a legal right. It is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." Additionally, citing the Louisiana Supreme Court, Nationstar states that a lawsuit's demand "is better defined as 'the object of the suit.'"[117] Nationstar points to *Gore v. Robertson*, a case from the Middle District of Louisiana, to support its argument that the instant case "present[s] two different demands that should be construed as having two different

---

[114] 624 F. Supp. 2d at 545.

[115] Rec. Doc. 1 at 6.

[116] Rec. Doc. 10 at 11 (citing *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 801 (5th Cir. 2006)).

[117] *Id.* (citing *Nat. Sur. Corp. v. Standard Acc. Ins. Co.*, 175 So.2d 263, 266 (La. 1965)).

commencement dates."[118] Finally, Nationstar again asserts that the equitable tolling exception codified in Section 1446(c) applies, as "Plaintiff is attempting to improperly bootstrap the Petition for Concursus to the damages action and deny Nationstar a federal forum."[119]

Here, Nationstar cites the Fifth Circuit decision of *Braud* to support its argument that Louisiana's procedural rules govern when an action has been commenced.[120] However, in *Braud*, the Fifth Circuit specifically held that "when a lawsuit is initially 'commenced' *for purposes of CAFA* is determined by state law."[121] Since this action is not pursuant to CAFA, it is unclear whether the holding in *Braud* applies to the present situation. Defendant does not cite any binding authority, nor does the Court find any, mandating that state law necessarily determines when an action has been commenced for the purposes of removal. Although Defendant cites at least one district court case in the Fifth Circuit in support of the proposition that state law governs the date of commencement in terms of removal,[122] there is also persuasive authority that conflicts with that position. For example, in *Robinson v. General Motors Corp.*, a court in the Northern District of Texas held that "Congress did not intend for state law to control the definition of commencement under § 1446(b)."[123] The court reasoned, "Ultimately, defining the word 'commencement' is an issue of federal law, if nothing else, for the reason that § 1446 is a federal statute."[124]

---

[118] *Id.* at 12 (citing *Gore*, 2015 WL 5749459 at *3).

[119] Rec. Doc. 10 at 13.

[120] *Id.* at 11.

[121] *Braud*, 445 F.3d at 803 (emphasis added).

[122] *See Gore*, 2015 WL 5749459, at *2.

[123] 601 F. Supp. 2d 833, 837 (N.D. Tex. 2008).

[124] *Id.*

Furthermore, even if Louisiana Code of Civil Procedure Article 421 applies to the present situation, the instant matter is distinguishable from authority cited by Defendant. In *Gore*, the court found that there were two different demands, as the plaintiff first sought "enforcement of the right to be free under a negligence theory against defendants . . . The second demand sought enforcement of the right to be free from injury under a products liability theory against defendant . . . ."[125] Moreover, the court noted that the second defendant "had no prior knowledge of the action."[126] Thus, the plaintiff was seeking two different sets of damages from different defendants. Here, the actual object remains the same, as Plaintiff is seeking to recover the same funds that Louisiana Citizens has already provided. Defendant Nationstar acknowledges that the petition for concursus is to determine "who has a superior interest to two sets of insurance proceeds."[127] Since the first petition was to recover the same "insurance proceeds," Plaintiff is not seeking to recover two sets of damages, as in *Gore*. Moreover, although Nationstar explains in detail the two different demands in *Gore*, it fails to provide an analogy of this case to *Gore*.[128]

Considering these factors above, the Court finds that Defendant fails to meet its burden that the petition for concursus ought to be viewed as a separate lawsuit from the petition for damages. Accordingly, Defendant is attempting to remove a civil action more than one year after its commencement, since the petition for damages was filed on January 5, 2012.[129] Pursuant to §

---

[125] *Gore*, 2015 WL 5749459, at *3.

[126] *Id.* at *5.

[127] Rec. Doc. 10 at 1.

[128] *Id.* at 12. Nationstar states, "Similarly, this case present [sic] two different demand [sic] that should be construed as having two different commencement dates. As such, Nationstar's removal is timely."

[129] See Rec. Doc. 1-1 at 1.

1446(c)(1), such an action can only be removed if the district court finds that the plaintiff has acted in bad faith to prevent removal.

Further, Nationstar argues, the exception to the one year limit should be applied here because Plaintiff has "improperly bootstrap[ped]" the petition for concursus to the petition for damages.[130]

However, Nationstar does not assert that Plaintiff has acted in bad faith.[131] None of the cases cited by Nationstar hold it is improper to "bootstrap" a petition for concursus after an award of damages as an act of bad faith.[132] Although Defendant argues that cases exist where "[r]emoval was allowed where plaintiffs similarly attempted to deny a defendant the federal forum to which it was entitled," Nationstar provides no explanation as to how the present situation is comparable to those cases.[133]

Thus, Defendant fails to meet its burden to show that Plaintiff acted in bad faith to prevent the removal of the action. Since Defendant filed its notice of removal more than one year after the commencement of the action, and fails to prove that Plaintiff acted in bad faith, the Court grants Plaintiff's motion to remand.

### D. Nationstar Does Not Owe Costs and Attorney's Fees

Plaintiff argues that Nationstar should be ordered to pay Plaintiff's costs, including attorney's fees, as 28 U.S.C. § 1447(c) authorizes the Court to impose such fees.

Pursuant to 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just

---

[130] *Id.* at 13.

[131] *See id.* at 13–14.

[132] *Id.*

[133] *Id.*

costs and any actual expenses, including attorney fees, incurred as a result of the removal." The decision to award attorney's fees under Section 1447(c) is in the sound discretion of the Court, and should "recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[134]

Toward that end, the "mere determination that removal was improper" does not automatically entitle a plaintiff to an award of fees.[135] Rather, in the absence of "unusual circumstances," this Court may award attorney's fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."[136]

The Court has found Defendant's arguments in support of removal unavailing. However, a party's mere advancement of unsuccessful arguments in support of removal does not warrant the imposition of attorney's fees.[137] Here, Plaintiff does not argue that Defendant's arguments for removal lacked an objectively reasonable basis. Moreover, Plaintiff does not argue Defendant removed this action in order to "prolong[] litigation and impos[e] costs."[138] Therefore, although the Court will remand the instant action to state court, it will not award attorneys' fees or costs here.

Based on the foregoing,

---

[134] *Darville v. Tidewater Marine Serv., Inc.*, No. 15-6441, 2016 WL 1402837, at *8 (E.D. La. Apr. 11, 2016) (Brown, J.) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005)).

[135] *Id.* (citing *Am. Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 541–42 (5th Cir. 2012)).

[136] *Id.*

[137] *Id.*

[138] *Martin*, 546 U.S. at 141.

**IT IS HEREBY ORDERED** that "Plaintiff's Motion to Remand"[139] is **GRANTED IN PART** to the extent that the case is remanded to state court and **DENIED IN PART** to the extent that Plaintiff requests an award for costs and expenses, including attorney's fees.

**IT IS FURTHER ORDERED** that the case is remanded to the 24th Judicial District Court for Parish of Orleans, State of Louisiana.

**NEW ORLEANS, LOUISIANA**, this __30th__ day of November, 2017.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[139] Rec. Doc. 7.